United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

ANNETTE CODY,

Case No. 23-cv-02286-HSG

8

Plaintiff,

**ORDER GRANTING MOTION TO DISMISS**

9

v.

Re: Dkt. No. 15

10

E. GLUCK CORPORATION,

11

Defendant.

12
13

Pending before the Court is Defendant E. Gluck Corporation's motion to dismiss. Dkt.

14

No. 15. The Court finds this matter appropriate for disposition without oral argument and the

15

matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court

16

**GRANTS** the motion.

17

**I.    BACKGROUND**

18

Plaintiff Annette Cody brings two causes of action against Defendant E. Gluck

19

Corporation for illegal wiretapping under the California Invasion of Privacy Act ("CIPA"), Cal

20

Penal Code §§ 631(a) and 632.7. Defendant is a watch manufacturer for several major fashion

21

brands. *See* Dkt. No. 1 ("Compl.") at ¶ 5. According to the complaint, Defendant operates a

22

website for one of its proprietary brands, Armitron, at www.armitron.com. *See id.*

23

("Introduction"). This website contains a "chat" feature for customers. *See id.* at ¶¶ 13, 16.

24

Plaintiff alleges that Defendant uses software that allows third-party Chantra to intercept and store

25

transcripts from these chat communications for use in targeted advertising. *See id.* at ¶¶ 9, 10, 11–

26

14. Plaintiff alleges that Defendant does not obtain users' consent to share this data. *See id.* at

27

¶ 19.

28

//

United States District Court
Northern District of California

**II.   DISCUSSION**

In its motion to dismiss, Defendant argues that (1) Plaintiff has not established Article III standing to bring her claims; and (2) Plaintiff's CIPA claims should be dismissed.  Dkt. No. 15 at 12–27.[1]

**A.   Article III Standing**

Defendant first urges that Plaintiff lacks Article III standing because she has not suffered an injury in fact.  *See* Dkt. No. 15 at 12–13.

**i.   Legal Standard**

Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies."  U.S. Const. art. III, § 2.  One element of this case-or-controversy requirement is that the plaintiff must have standing to bring a claim.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016).  To establish standing, a "[p]laintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 338 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

To establish injury in fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (quotations omitted).  A mere "procedural violation" of a statute does not give a plaintiff standing to sue.  Rather, she must show that the violation caused actual harm.  *Spokeo*, 578 at 342; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("[A]n injury in law is not an injury in fact.").  "As the party invoking federal jurisdiction, the

---

[1] The Court notes that the complaint does not appear to establish personal jurisdiction over Defendant, which is headquartered in Little Neck, New Jersey, either.  *See* Compl. at ¶ 5. Defendant's website appears to be nationally available, and Plaintiff does not allege that Defendant specifically targets California consumers over any other market.  Plaintiff's allegation that 8% of Defendant's sales come from Californians seems to undermine rather than support Plaintiff's suggestion that Defendant has purposefully directed its activities to, or purposefully availed itself of the privilege of conducting activities in, California specifically.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing three-prong test to analyze whether court has specific jurisdiction over a non-resident defendant). Nevertheless, Defendant does not raise this argument and appears to have waived it.  *See Smith v. Idaho*, 392 F.3d 350, 355 (9th Cir. 2004) ("[I]t is well-recognized that personal jurisdiction— unlike subject-matter jurisdiction—may be waived.").

1    plaintiffs bear the burden of demonstrating that they have standing." *See TransUnion*, 594 U.S. at

2    430.  The elements of standing "must be supported at each stage of litigation in the same manner

3    as any other essential element of the case," so at the motion to dismiss stage the plaintiff must only

4    plausibly allege these elements.  *Lujan*, 504 U.S. at 560–61.

5               **ii.    Analysis**

6           Here, Defendant argues that Plaintiff does not have standing to bring her claims because

7    she has not alleged that she personally used the chat feature on Defendant's website.  *See* Dkt. No.

8    15 at 12–13.  The complaint includes a handful of high-level allegations that Plaintiff suggests are

9    relevant to this inquiry.  The complaint states:

10          • "Within the past year, Plaintiff visited Defendant's Website" while using "a smart

11              phone."  *See* Compl. at ¶ 17.

12          • "Plaintiff's conversations with Defendant were transmitted from 'cellular radio

13              telephones' and/or 'landline telephones' as defined by CIPA."  *See id.*

14          • "Plaintiff and the class members communicated with Defendant using telephony

15              subject to the mandates and prohibitions of Section 632.7."  *See id.* at ¶ 34.

16

17          Critically, Plaintiff does not allege that she actually used the chat feature on Defendant's

18   website.  Plaintiff argues that the Court can reasonably infer that she used the chat feature as a

19   from the above allegations.  *See* Dkt. No. 23 at 4–5.  The Court disagrees.  Although Plaintiff may

20   have communicated with Defendant, *see* Compl. at ¶ 34, it is not at all clear that this was done

21   while using Defendant's website or through the chat feature that Plaintiff purports to challenge

22   here.  Neither the Court nor Defendant should have to infer such a fundamental part of her case.  If

23   Plaintiff in fact used the chat feature as she suggests in her opposition brief, *see* Dkt. No. 23 at 4, it

24   should be simple to amend the complaint accordingly.[2]

25   _____

26   [2] The Court further cautions Plaintiff's counsel that they will need to do more than simply assert
     that Defendant violated CIPA to allege a concrete injury for purposes of Article III.  To be sure, an
27   intangible invasion of privacy may be sufficient to establish standing, but Plaintiff will need to
     provide factual detail, such as the content of her chats with Defendant, to allege an actual privacy
28   injury.  *See, e.g.*, *Valenzuela v. Keurig Green Mountain, Inc.*, No. 3:22-CV-09042-JSC, 2023 WL
     6609351, at *2–3 (N.D. Cal. Oct. 10, 2023) ("Without any information as to what Plaintiff told

United States District Court
Northern District of California

United States District Court
Northern District of California

1  **III.   CONCLUSION**

2  The Court **GRANTS** the motion to dismiss.  Dkt. No. 15.  At this stage in the litigation,

3  the Court cannot say that amendment would be futile.  Plaintiff may therefore file an amended

4  complaint within 21 days of the date of this order.

5  The Court further **SETS** case a case management conference on November 12, 2024, at

6  2:00 p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public,

7  and media may access the webinar information at https://www.cand.uscourts.gov/hsg.  The parties

8  are further **DIRECTED** to file a joint case management statement by November 5, 2024.

9  **IT IS SO ORDERED.**

10  Dated:   9/26/2024

11  
HAYWOOD S. GILLIAM, JR.

12  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25  Defendant during the brief chat, Plaintiff has only alleged 'a bare procedural violation, divorced from any concrete harm.'") (quoting *Spokeo*, 578 U.S. at 341).  The Court has "an independent

26  obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and will carefully evaluate any amended complaint on this point.  *See*

27  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Plaintiff's counsel is warned that they need to fully plead their best case in any amended complaint:  it is an inefficient use of everyone's

28  resources to dribble out the key allegations over the course of multiple complaints, and there is no guarantee that the Court will grant further leave to amend.

4